UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Miami Division

TÜRK HAVA YOLLARI ANONIM ORTAKLIĞI,
a Turkish corporation,

        Plaintiff,        Case No.:

vs.

VEYSI ERKILIÇ,

        Defendant.
_____/

## COMPLAINT

Plaintiff, TÜRK HAVA YOLLARI ANONIM ORTAKLIĞI ("Turkish Airlines"), a Turkish corporation, sues Defendant VEYSI ERKILIÇ ("Erkiliç"), an individual domiciled in Broward County, Florida, and alleges:

### PARTIES AND JURISDICTIONAL ALLEGATIONS

1. This is an action for civil theft, fraud, and conversion to recover damages in excess of $75,000, exclusive of interest and costs, arising from Defendant Erkiliç's misappropriation of company funds between April 1, 2018 and April 30, 2023 while he was employed as Accounting Manager at Plaintiff's Miami offices.

2. At all times material hereto, Plaintiff Turkish Airlines was and is a corporation organized and existing under the laws of Turkey, having its principal place of business in Istanbul, Turkey.

3. At all times material hereto, Defendant was and is domiciled in the State of Florida. On information and belief, prior to April 1, 2018, Defendant was domiciled at 18501 NW 56th Avenue, Miami Gardens, Florida 33055. As of April 1, 2018, Defendant was and is

domiciled at 3512 SW 175th Avenue, Miramar, Florida 33029.

4. Turkish Airlines employed Defendant at its Miami, Florida offices from January 1, 2016, until July 1, 2023.

5. The Court has personal jurisdiction over Defendant pursuant to Fla. Stat. § 48.193 and venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b) because Defendant resides in Broward County, committed the tortious acts described herein at Turkish Airlines' regional office in Miami-Dade County, and Turkish Airlines was injured in Miami-Dade County.

6. The Court has subject matter jurisdiction because Turkish Airlines is a corporation organized and existing under the laws of Turkey having its principal place of business in Istanbul, Turkey, Defendant is domiciled in Florida, and the amount in controversy exceeds $75,000.

## GENERAL ALLEGATIONS AS TO ALL COUNTS

7. Defendant was hired by Turkish Airlines in the position of Accountant at its Miami regional office on January 1, 2016.

8. Defendant was promoted to the position of Regional Accounting Manager in the Miami office effective May 4, 2017.

9. On or about March 1, 2018, Defendant requested to be transferred to company headquarters in Istanbul, Turkey and assigned to the Miami office, remaining physically stationed in Miami while becoming a Turkish Airlines headquarters employee for administrative purposes. The request was granted.

10. Under Turkish Airlines's company policies, Defendant became entitled to a rent reimbursement credit when he was transferred to headquarters.

11. Turkish Airlines employees who own rather than rent their residences are not

entitled to reimbursement under the company policy.

12. At all times material to this action Defendant was aware of these company policies.

13. Upon information and belief, on or about April 1, 2018, Defendant purchased a residential property at 3512 SW 175th Avenue, Miramar, Florida 33029.

14. In his position as Regional Accounting Manager, Defendant was responsible for processing his own rental reimbursement requests.

15. Defendant submitted fraudulent rental reimbursement requests to Turkish Airlines on a regular basis between April 30, 2018 and April 1, 2023.

16. In support of his rental reimbursement requests, Defendant created and presented false rental leases for the property he owned to Turkish Airlines.

17. As a result of his fraudulent reimbursement requests, Defendant received rental reimbursement from Turkish Airlines on a regular basis between April 30, 2018 and April 1, 2023.

18. Turkish Airlines paid Defendant a total of approximately $140,000 in rental reimbursements as a result of Defendant's fraudulent scheme.

19. Defendant tendered his resignation on June 19, 2023, effective July 1, 2023.

20. Thus, Defendant purchased his residential property within one month of his request to be transferred to headquarters, immediately began submitting fraudulent requests for and pocketing rental reimbursements, and continued to do so until his resignation five years later.

21. Shortly after Defendant left the company, Turkish Airlines discovered his scheme and confirmed through a title search that he had owned the property he claimed to be renting since April 2018.

22. Turkish Airlines has demanded multiple times in writing that Defendant return the misappropriated funds and has received no response.

## COUNT I – FRAUD

23. The allegations of paragraphs 1 through 22 are incorporated by reference.

24. Beginning in April 2018 and continuing until April 2023, Defendant submitted requests for reimbursement of his rent that falsely stated that he rented, and did not own, his residence.

25. Defendant also created and submitted knowingly false "leases" for the property he owned to Turkish Airlines in support of his reimbursement requests.

26. The purpose of these statements and falsified documents was to deceive Turkish Airlines into paying Defendant a rental reimbursement to which he knew he was not entitled, in willful violation of Turkish Airlines' company policy.

27. Turkish Airlines reasonably relied on the aforesaid false statements and documents in providing Defendant over $140,000 in rental reimbursements.

28. Defendant also had a duty to disclose to Turkish Airlines that he owned the property for which he sought reimbursement, but intentionally did not do so for the purpose of defrauding the company.

WHEREFORE, Turkish Airlines seeks judgment for damages in an amount to be determined at trial, pre-judgment interest, post-judgment interest, costs, and all other relief deemed appropriate by this Court.

## COUNT II - CIVIL THEFT

29. The allegations in paragraphs 1 through 28 are incorporated by reference.

30. As a result of Defendant's false statements and documents submitted in support of

his rental reimbursement requests between April 2018 and April 2023, Defendant knowingly obtained over $140,000 in Turkish Airlines's property with the intent to wrongfully and permanently deprive Turkish Airlines of said property, in violation of Fla. Stat. § 812.014.

31. Turkish Airlines has made multiple written demands to Defendant to return the funds he wrongfully obtained, but Defendant has not returned the funds.

WHEREFORE, pursuant to Fla. Stat. § 772.11, Turkish Airlines seeks judgment for treble damages, attorney's fees, court costs, pre-judgment and post-judgment interest and all other relief deemed appropriate by this Court.

## CONVERSION

32. The allegations in paragraphs 1 through 31 are incorporated by reference.

33. Turkish Airlines was the rightful owner of the funds Defendant obtained as rental reimbursements between April 2018 and April 2023.

34. Defendant took possession of over $140,000 in Turkish Airlines's funds to which he was not entitled under company policy through his wrongful and fraudulent scheme to submit false reimbursement requests.

35. Defendant has violated and continues to violate Turkish Airlines's property rights by refusing to return the funds.

WHEREFORE, Turkish Airlines seeks a judgment for the full amount of funds transferred to Defendant as a result of his fraudulent rental reimbursement requests, plus pre-judgment and post-judgment interest, and all other relief the Court deems appropriate.

## UNJUST ENRICHMENT

36. The allegations in paragraphs 1 through 35 are incorporated by reference.

37. Relying on Defendant's falsified reimbursement requests, between April 2018 and

April 2023, Turkish Airlines conferred cash benefits on Defendant via rental reimbursements totaling approximately $140,000.

38. Defendant voluntarily accepted these benefits.

39. Defendant knew or should have known that he was not entitled to these benefits under Turkish Airlines's company policy.

40. It would be inequitable to permit Defendant to retain the funds he wrongfully obtained through his falsified reimbursement requests.

WHEREFORE, Turkish Airlines seeks a judgment enjoining Defendant to disgorge the reimbursement funds he wrongfully obtained, with pre-judgment and post-judgment interest and all other relief the Court deems appropriate.

Dated: March 6, 2024

Respectfully submitted,

CONDON & FORSYTH, LLP

By_____
John Maggio, Esq.
Florida Bar No.: 0125425
Email: jmaggio@condonlaw.com
701 Brickell Avenue, Suite 1550
Miami, Florida 33131
Telephone: (305) 492-7303

*Attorneys for Plaintiff*
*TÜRK HAVA YOLLARI ANONIM ORTAKLIĞI*